## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-

**TROVE BRANDS, LLC and**
**RUNWAY BLUE, LLC,**

     *Plaintiffs,*

  v.

**THE INDIVIDUALS, CORPORATIONS,**
**LIMITED LIABILITY COMPANIES,**
**PARTNERSHIPS, AND UNINCORPORATED**
**ASSOCIATIONS IDENTIFIED ON SCHEDULE**
**A,**

     *Defendants.*

_____/

## <u>COMPLAINT</u>

Plaintiffs, TROVE BRANDS, LLC and RUNWAY BLUE, LLC (collectively, "Plaintiffs"), by and through undersigned counsel, hereby allege as follows against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations and foreign entities identified on Schedule A [1] (collectively, "Defendants"):

### INTRODUCTION

1.     This is a civil action for trademark infringement and patent infringement to combat e-commerce store operators who trade upon Plaintiffs' reputation and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use unauthorized and unlicensed products that infringe Plaintiffs' registered trademarks and Plaintiffs'

---

[1] Plaintiffs submit herein a redacted version of the Schedule A and intend to promptly file a motion to file the full unredacted Schedule A under seal once the Court's filing system permits the Plaintiffs to do so after the Judge is assigned.

design patents.

2.     Specifically, Defendants have infringed Plaintiffs' trademarks covered by U.S. Trademark Registration Nos. 3,471,977; 3,515,591; 4,633,169; 4,894,363; 5,147,116; 5,687,557; and/or 6,181,745; (the "TROVE BRANDS Trademarks" or "Plaintiffs' Trademarks") and/or Plaintiffs' design patents covered by U.S. Patent Nos. US D799,973 S; D884,416 S; D911,104 S; D955,166 S; D996,897 S; D1,034,056 S; and/or D1,036,196 S (the "TROVE BRANDS Patents" or "Plaintiffs' Patents") (collectively, the "TROVE BRANDS IP").

3.     The TROVE BRANDS Trademarks and the TROVE BRANDS Patents are valid, subsisting, and in full force and effect. Plaintiffs are the owners and lawful assignees of all rights, title, and interest in and to The TROVE BRANDS Trademarks and the TROVE BRANDS Patents. True and correct copies of the federal trademark registrations for the TROVE BRANDS Trademarks are attached as **Exhibit 1**.  True and correct copies of Plaintiffs' Patents are attached as **Exhibit 2**.

4.     Each Defendant directly and/or indirectly imports, develops, designs, manufactures, distributes, markets, offers to sell and/or sells products that infringe directly and/or indirectly upon at least one of  the TROVE BRANDS Trademarks and/or at least one of the TROVE BRANDS Patents (the "Counterfeit Products") in the United States, including in this Judicial District, and otherwise purposefully directs infringing activities to this district in connection with the Counterfeit Products.  By selling the Counterfeit Products that purport to be genuine and authorized products using the TROVE BRANDS IP, Defendants cause confusion and deception in the marketplace.

5.     Defendants conduct this deceptive activity through their numerous fully interactive commercial Internet e-commerce stores operating under the online marketplace accounts identified

2

in the **Schedule A** (collectively, the "Defendant Internet Stores"), including but not limited to the platforms Amazon.com ("Amazon"), DHgate.com ("DHgate"), eBay.com ("eBay"), Shein.com ("Shein"), and Walmart.com ("Walmart"), (collectively, the "Marketplace Platforms").

6.    Defendants design their online marketplace accounts to appear to be selling Plaintiffs' genuine products properly bearing, using, and utilizing the TROVE BRANDS Trademarks and/or the TROVE BRANDS Patents, while selling inferior imitations of such products.

7.    The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the Counterfeit Products offered for sale, establishing a logical relationship between them and demonstrating that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

8.    Defendants attempt to avoid liability by operating under one or more seller aliases to conceal their identities and to obscure the full scope and interworking of their illegal counterfeiting operation.   Plaintiffs are forced to file this action to combat Defendants' infringement of the TROVE BRANDS Trademarks and/or the TROVE BRANDS Patents, as well as to protect unknowing consumers from purchasing Counterfeit Products over the Internet.

9.    As a result of Defendants' actions, Plaintiffs have suffered and continue to suffer irreparable harm, including consumer confusion, dilution, and tarnishment of their valuable trademarks and goodwill.  Plaintiffs are further irreparably damaged from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design.  Plaintiffs therefore seek injunctive and monetary relief.

## SUBJECT MATTER JURISDICTION

10.    This Court has original subject matter jurisdiction over the trademark infringement

and false designation of origin claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and 28 U.S.C. §§ 1331, 1338(a)–(b).

11.     This Court has original subject matter jurisdiction over the patent infringement claims arising under the patent laws of the United States pursuant to 35 U.S.C. § 1 *et seq.*, and 28 U.S.C. §§ 1331, 1338(a).

**PERSONAL JURISDICTION AND VENUE**

12.     Personal jurisdiction exists over Defendants in this Judicial District pursuant to Florida Statutes §§ 48.193(1)(a)(1)–(2); or, in the alternative, Fed. R. Civ. P. 4(k) because, upon information and belief, each Defendant regularly conducts, transacts, and/or solicits business in Florida and in this Judicial District, and/or derives substantial revenue from business transactions in Florida and in this Judicial District and/or otherwise avails itself of the privileges and protections of the laws of the State of Florida such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

13.     In addition, each Defendant has offered to sell and ship, and/or has sold and shipped, Counterfeit Products into this Judicial District.  Defendants' infringing actions caused injury to Plaintiff in Florida and in this Judicial District, such that Defendants should reasonably have expect such actions to have consequences in Florida and this Judicial District. For example:

a.     Defendant Internet Stores accept orders for Counterfeit Products from, and offer shipping to, Florida addresses located in this Judicial District.

b.     Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including those in Florida and in this Judicial District, through accounts (the "User Accounts") with online marketplace platforms such as Amazon, DHgate, eBay, Shein, and Walmart, as well

as any and all as-yet-undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, through which, consumers in the U.S., including Florida (and more particularly, in this Judicial District), can view the one or more Defendant Internet Stores, communicate with Defendants regarding their listings for Counterfeit Products, and place orders for, receive invoices for, and purchase Counterfeit Products for delivery in the U.S., including Florida (and specifically, in this Judicial District), as a means for establishing regular business with the U.S., including Florida (and specifically, in this Judicial District).

        c.     Upon information and belief, Defendants have transacted business with consumers located in the U.S., including Florida (and more particularly, in this Judicial District), for the sale and shipment of Counterfeit Products.

14.     Venue is proper in this Court pursuant to at least 28 U.S.C. § 1391(b)(2) and S.D. Fla. Local Rule 3.1 because Defendants have committed acts of trademark and/or patent infringement in this Judicial District and within Miami-Dade County, and they have conducted substantial business in this Judicial District and County. Specifically, Defendants are reaching into Florida, including Miami-Dade County, to conduct business with residents by operating one or more commercial, interactive Internet Stores through which Florida residents in Miami-Dade County can purchase products that infringe the TROVE BRANDS Trademarks and/or the TROVE BRANDS Patents. Each Defendant has targeted sales to Florida residents by operating online stores that offer shipping throughout the United States, including addresses in Miami-Dade County. Each Defendant has committed tortious acts in Florida, engaged in interstate commerce, and wrongfully caused Plaintiff substantial injury in the State of Florida.

### **PLAINTIFFS**

15.     Plaintiff TROVE BRANDS, LLC ("TROVE BRANDS") is a limited liability company organized under the laws of the State of Utah with its principal place of business in Lehi, Utah.

16.     Plaintiff RUNWAY BLUE, LLC ("RUNWAY BLUE") is a limited liability company organized under the laws of the State of Utah with its principal place of business in Lehi, Utah.

17.     TROVE BRANDS holds its intellectual property assets, including the TROVE BRANDS Trademarks and the TROVE BRANDS Patents, through RUNWAY BLUE, a wholly owned subsidiary of TROVE BRANDS formed for the purpose of holding and managing TROVE BRANDS' intellectual property portfolio. RUNWAY BLUE is the registered owner of all rights, title, and interest in and to the TROVE BRANDS Trademarks and the TROVE BRANDS Patents.

## TROVE BRANDS IP AND TROVE BRANDS PRODUCTS

18.     Plaintiffs are the owner and lawful assignee of all right, title, and interest in and to the TROVE BRANDS IP, including the following trademarks:

| U.S. TM Reg. No. | Trademark | Registration Date |
|---|---|---|
| 3,471,977 | Blender Bottle | July 22, 2008 |
| 3,515,591 | Blender Ball | October 14, 2008 |
| 4,633,169 | | November 4, 2014 |
| 4,894,363 | BLENDERBOTTLE | February 2, 2016 |
| 5,147,116 | WHISKWARE | February 21, 2017 |
| 5,687,557 | FREESIP | February 26, 2019 |
| 6,181,745 | OWALA | October 20, 2020 |

(*See* Ex. 1.)

19.     Plaintiffs are also the owners and lawful assignees of all right, title, and interest in and to the following TROVE BRANDS Patents:

| U.S. Patent Number | Claim | Issue Date |
|---|---|---|
| D799,973 S | | October 17, 2017 |
| D884,416 S | | May 19, 2020 |
| D911,104 S | | February 23, 2021 |
| D955,166 S | | June 21, 2022 |

| | | |
|---|---|---|
| D996,897 S | | August 29, 2023 |
| D1,034,056 S | | July 9, 2024 |
| D1,036,196 S | | July 23, 2024 |

20.     Plaintiffs develop, design, manufacture, and market among other products, reusable drinkware, special bottles, shaker bottles, and kitchen gadgets that incorporate The TROVE BRANDS Trademarks and/or the TROVE BRANDS Patents (the "TROVE BRANDS Products"). Plaintiffs are the official source of the TROVE BRANDS Products in the United States, which are sold in approximately 40,000 retail locations and in over 90 countries worldwide.  The TROVE BRANDS Products span a wide range of sectors, including the Owala® water bottle brand utilizing Plaintiffs' patented FreeSip® designs; the Whiskware® kitchenware brand utilizing Plaintiffs' patented mixer, shaker, and container designs; and the BlenderBottle® and BlenderBall® supplement-mixing drinkware brands.

21.     Plaintiff TROVE BRANDS began selling its Owala® FreeSip® products in the

8

United States in February 2020.  The FreeSip® design features a dual-function spout that allows users to drink from a built-in straw or a wide-mouth opening – a patented innovation that has become a key differentiator in the water bottle industry.



*Exemplary Images of TROVE BRANDS Products Using Patented FreeSip® Technology and Trademarks*

22.     Since its launch, the Owala® FreeSip® product line has achieved significant commercial success and public recognition, including selection by *TIME Magazine* as one of the Best Inventions of 2023; inclusion in *The New York Times*' list of the Best Water Bottles in both 2024 and 2025; and ranking as the number one water bottle brand in the U.S. in *Circana*'s retail sales report.[2]  Plaintiff has also partnered with major retailers such as Urban Outfitters and has released co-branded collections in collaboration with NASA, Star Wars, Marvel, Disney Princesses, and more.

23.     The Whiskware® line is a kitchen tools brand best known for its patented portable pancake batter mixer using its BlenderBall® technology to measure, combine, and dispense

---

[2] *See The Best Inventions of 2023: 200 innovations changing how we live*, TIME (Oct. 24, 2023), https://www.time.com/collection/best-inventions-2023/; Kit Dillon, *The Best Water Bottles*, N.Y. TIMES (Sept. 10, 2025), https://www.nytimes.com/wirecutter/reviews/best-water-bottle/; Kit Dillon, *25 Wirecutter Journalists Can't Be Wrong: How Owala Became an Official Water Bottle Pick*, N.Y. TIMES (Dec. 5, 2024), https://www.nytimes.com/wirecutter/reviews/owala-freesip-review/; Bailee Merrill & Jeanette Bennett, *Marketer of the Year Owala, Trove Brands*, UTAH VALLEY BUS. Q (Spring 2024), https://www.businessqmag.com/2024-q-awards/owala/.



pancake ingredients, earning wide recognition including a *Good Housekeeping* 2021 Kitchen Gear

Award.[3]

> *Exemplary Image of Plaintiffs' Products Using Plaintiffs' Patented Batter Dispenser*
> *Technology and The TROVE BRANDS Trademarks*

24.     Plaintiff TROVE BRANDS founded BlenderBall® and BlenderBottle® in 2000

and have been widely recognized through various awards, such as BodyBuilding.com's 2013

Accessory Brand of the Year, and categorized as one of the hottest new products by outlets such

as *Good Morning America*, *Reader's Digest*, *Self*, *Today Show*, and *Men's Fitness.*[4]

---

[3] *See* Nicole Papantoniou, *Good Housekeeping's 2021 Kitchen Gear Awards*, GOOD HOUSEKEEPING (Nov. 23, 2021), https://www.goodhousekeeping.com/cooking-tools/a38202680/kitchen-gear-awards-2021/.

[4] *See BlenderBottle Wins Accessory Brand of the Year*, BLENDERBOTTLE (Oct. 10, 2013), https://www.blenderbottle.com/blogs/blogs/health/blenderbottle-wins-accessory-brand-of-the-year-2013; *About us*, BLENDERBOTTLE, https://www.blenderbottle.com/pages/about-us.



*Exemplary Image of Plaintiffs' Products Incorporating the TROVE BRANDS Trademarks*

25.     Since Plaintiffs launched their TROVE BRANDS Products in 2000, the company has followed a defined strategy for positioning its brand, establishing distribution channels, and marketing and promoting the products in the industry and to consumers.  Plaintiffs' promotional efforts of its TROVE BRANDS Products include, by way of example but not limitation, substantial advertising and marketing on websites including Google and Amazon; campaigns on social media platforms including Instagram, Facebook and Pinterest; and promotions on the https://trovebrands.com/ website and print material.  Plaintiffs have spent substantial time, money, and other resources on advertising and otherwise promoting their TROVE BRANDS Products.

26.     Plaintiffs' TROVE BRANDS Products are distributed and sold to consumers throughout the world, including in the United States and Florida through authorized retailers, various affiliates, and the https://trovebrands.com/ website.

27.     The TROVE BRANDS Products have become enormously popular, driven by Plaintiffs' arduous quality standards and distinctive, innovative designs.  These designs are broadly recognized by consumers as originating from Plaintiffs.  Products fashioned after these designs are

associated with the quality and innovation that the public has come to expect from the TROVE BRANDS Products.  Plaintiffs use these designs in connection with the TROVE BRANDS Products, including, but not limited to, the TROVE BRANDS IP.

28.     Plaintiffs are the official source of the TROVE BRANDS Products, utilizing the TROVE BRANDS IP as pictured above.

## DEFENDANTS

29.     Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China, or other foreign jurisdictions.  Defendants conduct business throughout the United States, including within Florida and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores.  Each Defendant targets the United States, including Florida, and has offered to sell and, on information and belief, has sold and continues to sell infringing TROVE BRANDS Products to consumers within the United States, including Florida and in this Judicial District and County.

## TEMPORARY REDACTION OF DEFENDANTS' IDENTITIES

30.     Pursuant to S.D. Fla. Local Rule 5.4(b)(1), Plaintiffs are attaching a redacted version of the Schedule A contemporaneously with this Complaint. This redacted Schedule A, which identifies Defendants by Doe number and platform, prevents premature disclosure of Defendants' full identities and avoids alerting counterfeiters who may monitor federal court dockets and destroy evidence or transfer assets before the Court has the opportunity to act on Plaintiffs' anticipated request for *ex parte* relief.

31.     Temporary redaction and sealing of the unredacted Schedule A is consistent with the procedures previously approved in this Court. *See, e.g.*, *Complaint* at 18, *Tottenham Hotspur*

*Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A*,*"* No. 1:25-cv-20476 (S.D. Fla. Jan. 31, 2025) (showing a redacted Schedule A filed contemporaneously with the initial complaint); *Order Granting Motion to Seal*, *Tottenham Hotspur Ltd.*, No. 1:25-cv-20476 (S.D. Fla. Feb. 3, 2025), Dkt. No. 8 (granting motion to seal after Plaintiff filed a redacted Schedule A contemporaneously with the initial complaint); *see also A.T. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A*,*"* No. 25-cv-21168, 2025 WL 2506612, at *1– 2 (S.D. Fla. Mar. 18, 2025) (authorizing a complaint with initially restricted information to prevent premature notice to counterfeiters preserve the effectiveness of injunctive relief).

32.     Once the Court's filing system permits the Plaintiffs to do so after a Judge is assigned to this case, Plaintiffs will promptly file a motion to file under seal the unredacted version of the Schedule A, which identifies the full names, online marketplace store URLs, and other identifying information of the Defendants. *See A.T.*, 2025 WL 2506612, at *2 (noting temporary restriction within a complaint was justified where the plaintiff "assure[d] the Court that it will proceed under [a non-limited complaint] once the defendants are served and their accounts are restrained").

## **DEFENDANTS' UNLAWFUL CONDUCT**

33.     The success of the TROVE BRANDS Products has resulted in a significant number of products that infringe the TROVE BRANDS IP.

34.     Plaintiffs have identified numerous Defendant Internet Stores linked to fully interactive websites and marketplace listings on platforms such as Amazon, DHgate, eBay, Shein, and Walmart.  These Defendant Internet Stores offer for sale, sell, and/or import Counterfeit Products to consumers in this Judicial District and throughout the United States.

35.     Defendants have persisted in creating such online marketplaces and Internet stores,

like the Defendant Internet Stores.  In fact, such online marketplaces and stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price of goods seized by the U.S. government in fiscal year 2021 was over $3.3 billion.  Websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

36.     On personal knowledge and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine TROVE BRANDS Products.  Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, and PayPal.  Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website.

37.     Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

38.     Plaintiffs have not licensed or authorized Defendants to use the TROVE BRANDS Trademarks or the TROVE BRANDS Patents, and none of the Defendants are authorized retailers of genuine TROVE BRANDS Products.

39.     On personal knowledge and belief, Defendants also deceive unknowing consumers by using the TROVE BRANDS Trademarks without authorization within the product descriptions,

content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for TROVE BRANDS.  Additionally, upon information and belief, Defendants use other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine TROVE BRANDS Products.  Further, Defendants utilize similar illegitimate SEO tactics to propel new Internet storefront listings to the top of search results after others are shut down.  As such, Plaintiffs also seek to disable the Defendant Internet Stores owned and/or operated by Defendants that are the means by which the Defendants could continue to sell Counterfeit Products in this Judicial District.

40.     On personal knowledge and belief, Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Florida, accept payment in U.S. dollars, and sell Counterfeit Products to residents of Florida.

41.     On information and belief, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores.  For example, it is common practice for counterfeiters to register their Defendant Internet Stores with incomplete information, randomly typed letters, or omitted cities or states, as many Defendants here have done.

42.     On personal knowledge and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to this Complaint, as well as other unknown fictitious names and addresses.  Such registration patterns are common tactics used by Defendants to conceal their identities, the full scope and interworking

of their massive e-commerce operations, and to avoid detection or shutdown.

43.     On personal knowledge and belief, even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores.  For example, some of the Defendant Internet Stores have virtually identical layouts, even though different aliases were used to register the Defendant Internet Stores.

44.     The Defendant Internet Stores also include other notable common features, including accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

45.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts.  For example, counterfeiters like Defendants will often register new online marketplace accounts under User Accounts once they receive notice of a lawsuit.[5]

46.     Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received.  Rogue servers are notorious for ignoring take down demands sent by brand owners.[6]

---

[5] *See* https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-about-counterfeit-goods-during (noting counterfeiters are "very adept at setting up online stores to lure the public into thinking they are purchasing legitimate goods on legitimate websites") (last visited October 29, 2025).

[6] While discussed in the context of false pharma supply chains, the use of rogue Internet servers and sellers is a well-known tactic that have even been covered in congressional committee hearings. *See* COMM. ON ENERGY & COM., 113TH CONG., COUNTERFEIT DRUGS: FIGHTING ILLEGAL SUPPLY CHAINS (COMM. PRINT. 2014) (available online at https://www.govinfo.gov/content/pkg/CHRG-113hhrg88828/html/CHRG-113hhrg88828.htm).

47.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts as well as e-commerce accounts, such as PayPal, behind layers of payment gateways so that they can continue operation in spite of Plaintiffs' enforcement efforts.

48.     On personal knowledge and belief, Defendants maintain offshore bank accounts and regularly move funds from their e-commerce, PayPal, and other financial accounts to offshore bank accounts outside the jurisdiction of this Court.  Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

2.      Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully used, and continue to use, the TROVE BRANDS IP in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States and Florida over the Internet.

3.      Each Defendant Internet Store offers shipping to the United States, including Florida (in this Judicial District) and, on information and belief, each Defendant has offered to sell Counterfeit Products into the United States, including Florida (in this Judicial District), thereby causing, and likely to continue causing, confusion, mistake, and deception by and among consumers, and resulting in irreparably harm to Plaintiffs.

4.      Prior to and contemporaneous with their infringing actions alleged herein, Defendants had knowledge of (i) Plaintiffs' ownership of the TROVE BRANDS IP, (ii) the fame and incalculable goodwill associated therewith, and (iii) the popularity and success of the TROVE BRANDS Products.  Defendants, in bad faith, proceeded to manufacture, market, develop, offer for sale, and/or sell the Counterfeit Products.

49.     Defendants have been engaging in infringing actions, as alleged herein, knowingly

and intentionally, or with reckless disregard or willful blindness to Plaintiffs' rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiffs and the TROVE BRANDS Products.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

50.     Plaintiffs hereby re-allege and incorporate by reference herein its allegations contained in paragraphs 1–49 of this Complaint.

51.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered TROVE BRANDS Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.  The TROVE BRANDS Trademarks are highly distinctive marks.  Consumers have come to expect the highest quality from TROVE BRANDS Products provided under the TROVE BRANDS Trademarks.

52.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the TROVE BRANDS Trademarks without Plaintiffs' permission.

53.     Plaintiffs are the registered owners of the TROVE BRANDS Trademarks. The United States Registrations for the TROVE BRANDS Trademarks (Exhibit 1) are in full force and effect.  Upon information and belief, Defendants have knowledge of Plaintiffs' rights in the TROVE BRANDS Trademarks and are willfully counterfeiting the TROVE BRANDS Trademarks.  Defendants' willful, intentional, and unauthorized use of The TROVE BRANDS Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the general public, as demonstrated by the exemplary image that follows:



*Exemplary Counterfeit Product Sold by Defendant Infringing on Plaintiffs' Registered Trademarks*

54.     Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

55.     The injuries and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

56.     Plaintiffs have no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the goodwill of their well-known TROVE BRANDS Trademarks.

## <u>SECOND CAUSE OF ACTION</u>
### <u>DESIGN PATENT INFRINGEMENT (35 U.S.C. § 271)</u>

57.     Plaintiffs hereby re-allege and incorporate by reference herein its allegations

contained in paragraphs 1–49 of this Complaint.

58.     Defendants are manufacturing, distributing, offering for sale, selling, and/or importing into the United States, Counterfeit Products that infringe directly and/or directly Plaintiffs' Patents, both literally and under the doctrine of equivalents.

59.     Plaintiffs are the registered owners of the TROVE BRANDS Patents, duly and legally issued by the U.S. Patent and Trademark Office (Exhibit 2), which are in full force and effect.  Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully used, and continue to use, Plaintiffs' Patents in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States and Florida over the Internet.

5.     For instance, an example of Defendants' infringement of claims of the TROVE BRANDS Patents is outlined below:



| Plaintiffs' Genuine TROVE BRANDS Products | Defendant's Counterfeit Product (DOE 50) |
|---|---|
| *Plaintiffs' Genuine TROVE BRANDS Products embodying the spout and lid designs as claimed in* TROVE BRANDS *55,166S; D996,897 S; D1,036,196 S* | *Exemplary Counterfeit Product sold by Defendant infringing on Plaintiffs' registered Patents* |

60.     Defendants have infringed the TROVE BRANDS Patents through the aforesaid

acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to suffer irreparable harm, including the loss of its lawful patent rights to exclude others from manufacturing, distributing, selling, offering for sale, and/or importing the patented invention, as well as the loss of sales stemming from the infringing acts.  Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.  Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in concert therewith from further infringing the TROVE BRANDS Patents, Plaintiffs will continue to suffer irreparably harm.

61.     Defendants' infringement of the TROVE BRANDS Patents in connection with the Counterfeit Products has been and continues to be willful.

62.     Plaintiffs are also entitled to recover damages adequate to compensate for the infringement pursuant to 35 U.S.C. § 289, amounting to Defendants' infringing profits.

**THIRD CAUSE OF ACTION**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

63.     Plaintiffs repeat and incorporate by reference herein their allegations contained in paragraphs 1–49 of this Complaint.

64.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiffs or the origin, sponsorship, or approval of Defendants' Counterfeit Products by Plaintiffs.

65.     By using the TROVE BRANDS Trademarks in connection with the sale of Counterfeit Products, Defendants create a false designation of origin, which is a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

66.     Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public under 15 U.S.C. §§ 1114, 1125.

67.     Plaintiffs have no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the goodwill of their brand.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a.     using Plaintiffs' TROVE BRANDS Products or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TROVE BRANDS Product or is not authorized by Plaintiffs to be sold in connection with the TROVE BRANDS Trademarks;

b.     passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiffs' TROVE BRANDS Products or any other product produced by Plaintiffs that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the TROVE BRANDS Trademarks;

c.     committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of

Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d. further infringing the TROVE BRANDS Trademarks and damaging Plaintiffs' goodwill;

e. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of the TROVE BRANDS Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof;

f. using, linking to, transferring, selling, exercising control over, or otherwise owning the online marketplace accounts, the Defendant Internet Stores, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products; and

g. operating and/or hosting websites at the Defendant Internet Stores that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing  the TROVE BRANDS Trademarks or any reproduction, counterfeit copy, or colorable imitation thereof that is not a genuine TROVE BRANDS Product or not authorized by Plaintiffs to be sold in connection with the TROVE BRANDS Trademarks.

2. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiffs and that include any reproduction, embodiment, copy, or colorable imitation of the designs claimed in the TROVE

BRANDS Patents;

b.      passing off, inducing, or enabling others to sell or pass off any product as a genuine TROVE BRANDS Product or any other product produced by Plaintiffs that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the TROVE BRANDS Patents;

c.      further infringing the TROVE BRANDS Patents and damaging Plaintiffs' goodwill;

d.      aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the TROVE BRANDS Patents;

e.      shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which infringe the TROVE BRANDS Patents; and

f.      operating and/or hosting online marketplace accounts at the Defendant Internet Stores that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product infringing the TROVE BRANDS Patents.

3.      Entry of an Order Amazon, DHgate, eBay, Shein, and Walmart, and any other online marketplace account provider:

a.      disable and cease providing services for any accounts through which Defendants engage in the sale of Counterfeit Products, including any accounts associated with the Defendants listed on Schedule A;

b.      disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Products; and

24

      c.      take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

4.      That Defendants account for and pay to Plaintiffs all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the TROVE BRANDS Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5.      In the alternative, that Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the TROVE BRANDS Trademarks; and that Plaintiffs be awarded all infringing profits realized by Defendants from Defendants' infringement of the TROVE BRANDS Patents, pursuant to 35 U.S.C. § 289;

6.      That Plaintiffs be awarded their reasonable attorneys' fees and costs; and

7.      Award any and all other relief that this Court deems just and proper.

Dated: December 16, 2025          Respectfully submitted,

                                    **BOIES SCHILLER FLEXNER LLP**

                           By: */s/ Valeria Munoz*
                               Valeria Munoz (FL Bar No. 1059554)
                               100 SE 2nd Street, Suite 2800
                               Miami, FL 33131
                               Tel: (305) 357-8433
                               vmunoz@bsfllp.com

                               *Attorney for Plaintiffs Trove Brands, LLC and Runway Blue, LLC*

**REDACTED SCHEDULE A**

This Schedule A is the subject of Plaintiff's forthcoming Motion to File Under Seal. As such, this page has been redacted in accordance with Local Rule 5.4(b)(1).

| DOE No. | Defendant Seller | Defendant Online Marketplace |
|---|---|---|
| 1 | ██████ | https://www.amazon.com/sp?seller=██████ |
| 2 | ██████ | https://www.amazon.com/sp?seller=██████ |
| 3 | ██████ | https://www.amazon.com/sp?seller=██████ |
| 4 | ████ | https://www.amazon.com/sp?seller=██████ |
| 5 | █████ | https://www.amazon.com/sp?seller=██████ |
| 6 | ████ | https://www.amazon.com/sp?ie=UTF8&seller=██████ |
| 7 | ██████ | https://www.amazon.com/sp?seller=██ |
| 8 | ████ | https://www.dhgate.com/store/about-us/████.html |
| 9 | ███ | https://www.dhgate.com/store/about-us/████.html |
| 10 | ███ | https://www.dhgate.com/store/about-us/████.html |
| 11 | ███ | https://www.dhgate.com/store/about-us/████.html |
| 12 | ████ | https://www.dhgate.com/store/about-us/████.html |
| 13 | ███ | https://www.ebay.com/usr/ |
| 14 | ███ | https://www.ebay.com/str/████ |
| 15 | ███ | https://www.ebay.com/str/███ |
| 16 | ███ | https://www.ebay.com/str/██ |
| 17 | ███ | https://www.ebay.com/str/ |
| 18 | ████ | https://www.ebay.com/str/██ |
| 19 | █████ | https://www.ebay.com/str/███ |
| 20 | ███ | https://www.ebay.com/str/███ |
| 21 | ███ | https://www.ebay.com/str/ |
| 22 | ██ | https://www.ebay.com/str/███ |
| 23 | ██ | https://www.ebay.com/str/████ |
| 24 | ████ | https://www.ebay.com/str/ |
| 25 | ███ | https://www.ebay.com/usr/ |
| 26 | ███ | https://www.ebay.com/usr/██ |
| 27 | ███ | https://www.ebay.com/usr/███ |

| 28 | ███████ | https://www.ebay.com/str/ ████ |
| 29 | ██████ | https://www.ebay.com/str ████ |
| 30 | █████ | https://www.ebay.com/usr/ ████ |
| 31 | ██████ | https://www.ebay.com/usr ████ |
| 32 | ███████ | https://www.ebay.com/str/ ██████████ |
| 33 | █████████ | https://www.ebay.com/str/ ████ |
| 34 | ████ | https://www.ebay.com/str █ |
| 35 | █████████ | https://www.ebay.com/str/ ████████ |
| 36 | █████ | https://www.ebay.com/str/ ████████ |
| 37 | ████████ | https://www.ebay.com/usr/ █████████ |
| 38 | ██████ | https://www.ebay.com/str/ ██ |
| 39 | █████████ | https://www.ebay.com/str/ ██████████ |
| 40 | █████ | https://www.ebay.com/str/ ████████ |
| 41 | ████████ | https://www.ebay.com/str/ ████████ |
| 42 | █████ | https://www.ebay.com/str/ ██ |
| 43 | ██████ | https://www.ebay.com/str/ ██████ |
| 44 | ████ | https://www.ebay.com/str/ █ |
| 45 | ████ | https://www.ebay.com/usr/ █ |
| 46 | ████ | https://www.ebay.com/usr/ █ |
| 47 | ████████ | https://www.ebay.com/str/ █████████ |
| 48 | █████ | https://www.ebay.com/str/ ██ |
| 49 | ████ | https://www.ebay.com/str/ █ |
| 50 | ███████ | https://www.ebay.com/str/ █ |
| 51 | ████ | https://www.ebay.com/usr/ █ |
| 52 | ██████ | https://www.ebay.com/str/ ███████ |
| 53 | █████ | https://www.ebay.com/str/ ██ |
| 54 | ████ | https://www.ebay.com/str/ █ |
| 55 | ████ | https://www.ebay.com/str/ █ |
| 56 | █████ | https://www.ebay.com/str/ ██████ |
| 57 | █████ | https://www.ebay.com/str/ ██████ |
| 58 | ███████ | https://us.shein.com/store/home?store_code= ████████ |
| 59 | ██████ | https://us.shein.com/store/home?store_code= █████████ |
| 60 | █████ | https://us.shein.com/store/home?store_code= █████████ |
| 61 | █████████ | https://us.shein.com/store/home?store_code= █████████ |
| 62 | ██████ | https://us.shein.com/store/home?store_code= █████████ |
| 63 | ██████ | https://us.shein.com/store/home?store_code= █████████ |
| 64 | ██████ | https://us.shein.com/store/home?store_code= █████████ |

| | | |
|---|---|---|
| 65 | ███████████ | https://us.shein.com/████████.html |
| 66 | ███████████ | https://us.shein.com/store/home?&store_code= |
| 67 | ████████ | https://us.shein.com/store/home?store_code= |
| 68 | █████████ | https://us.shein.com/store/home?store_code= |
| 69 | ██████ | https://us.shein.com/store/home?store_code= |
| 70 | █████████ | https://us.shein.com/store/home?store_code= |
| 71 | ██████ | https://us.shein.com/store/home?store_code= |
| 72 | ██████ | https://us.shein.com/store/home?store_code= |
| 73 | ███████ | https://us.shein.com/store/home?store_code= |
| 74 | ████████████ | https://us.shein.com/store/home?store_code= |
| 75 | ██████ | https://us.shein.com/store/home?store_code= |
| 76 | ██████ | https://us.shein.com/store/home?store_code= |
| 77 | ████████████ | https://us.shein.com/store/home?store_code= |
| 78 | █████ | https://www.walmart.com/reviews/seller/ |
| 79 | █████ | https://www.walmart.com/reviews/seller/ |
| 80 | █████ | https://www.walmart.com/reviews/seller/ |
| 81 | ████████████ | https://www.walmart.com/reviews/seller/ |
| 82 | ███████ | https://www.walmart.com/reviews/seller/ |
| 83 | ██████ | https://www.walmart.com/reviews/seller/ |
| 84 | █████ | https://www.walmart.com/reviews/seller/ |
| 85 | █████ | https://www.walmart.com/reviews/seller/ |
| 86 | █████████ | https://www.walmart.com/reviews/seller/ |
| 87 | ████ | https://www.walmart.com/global/seller/ |
| 88 | ██████ | https://www.walmart.com/reviews/seller/ |
| 89 | ████████████ | https://www.walmart.com/global/seller/ |
| 90 | ████████ | https://www.walmart.com/reviews/seller/ |
| 91 | ██████ | https://www.walmart.com/reviews/seller/ |
| 92 | ██████ | https://www.walmart.com/reviews/seller/ |
| 93 | ██████ | https://www.walmart.com/reviews/seller/ |
| 94 | █████ | https://www.walmart.com/reviews/seller/ |
| 95 | ████ | https://www.walmart.com/reviews/seller/ |
| 96 | ████ | https://www.walmart.com/reviews/seller/ |
| 97 | █████████ | https://www.walmart.com/reviews/seller/ |
| 98 | ██████ | https://www.walmart.com/reviews/seller/ |
| 99 | █████████ | https://www.walmart.com/reviews/seller/ |
| 100 | ████ | https://www.walmart.com/reviews/seller/ |
| 101 | ████ | https://www.walmart.com/reviews/seller/ |
| 102 | █████ | https://www.walmart.com/reviews/seller/ |

| | | | |
|---|---|---|---|
| 103 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 104 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 105 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 106 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 107 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 108 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 109 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 110 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 111 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 112 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 113 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 114 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 115 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 116 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 117 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 118 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 119 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 120 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 121 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 122 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 123 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 124 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 125 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 126 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 127 | ███ | https://www.walmart.com/global/seller/ | ███ |
| 128 | ███ | https://www.walmart.com/reviews/seller/ | ███ |
| 129 | ███ | https://www.walmart.com/reviews/seller/ | ███ |