UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-cv-25914-KMW

**TROVE BRANDS, LLC** and
**RUNWAY BLUE, LLC**,

 *Plaintiffs*,

v.

**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**

 *Defendants*.

_____/

### PLAINTIFFS' MOTION TO FILE SCHEDULE A UNDER SEAL

Plaintiffs, TROVE BRANDS, LLC ("TROVE BRANDS") and RUNWAY BLUE, LLC ("RUNWAY BLUE") (collectively, "Plaintiffs"), by and through their undersigned counsel, pursuant to S.D. Fla. Local Rule 5.4(b)(1), respectfully move for an order allowing Plaintiffs to file under seal the unredacted Schedule A that was filed with Plaintiffs' Complaint, which identifies the Defendants to the above-styled action, and in support thereof respectfully refers the Court to the following Memorandum of Law.

### MEMORANDUM OF LAW

**I. INTRODUCTION**

On December 15, 2025, Plaintiffs filed their Complaint [ECF No. 1], alleging a sophisticated network of largely anonymous online actors who are (1) actively infringing Plaintiffs' trademarks covered by U.S. Trademark Registration Nos. 33,471,977; 3,515,591; 4,633,169; 4,894,363; 5,147,116; 5,687,557; and/or 6,181,745 (the "TROVE BRANDS

Trademarks" or "Plaintiffs' Trademarks") and/or Plaintiffs' design patents covered by U.S. Patent Nos. US D799,973 S; D884,416 S; D911,104 S; D955,166 S; D996,897 S; D1,034,056 S; and/or D1,036,196 S (the "TROVE BRANDS Patents" or "Plaintiffs' Patents") (collectively, the "RUNWAY BLUE IP"); (2) operating entirely through Internet-based e-commerce stores that can be accessed or disabled instantaneously; and (3) capable of immediately secreting or transferring assets if provided advance notice of this lawsuit.

## II.   LEGAL STANDARD

Pursuant to S.D. Fla. Local Rule 5.4(b)(1) and (d), this Court may grant leave to file documents under seal and by *ex parte* request where the moving party (1) sets forth the factual and legal basis for departing from the policy that Court filings are public, (2) describes the information or documents to be sealed (the "proposed sealed material") with particularity, and (3) specifies the proposed duration of the requested sealing.  S.D. Fla. L.R. 5.4(b), (d).  While the public generally has a right of access to judicial records, this right of access can be overcome by a showing of good cause, which "balances the asserted right of access against the other party's interest in keeping the information confidential," and depends on the "nature and character of the information in question." *See Chi. Trib. Co*. v. *Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001); *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

## III.  ARGUMENT

### A. The Premature Public Filing of Schedule A will Cause Irreparable Harm.

#### 1. Good Cause Exists to Allow Plaintiffs to Temporarily Seal Schedule A to the Plaintiff's Complaint

Here, good cause exists to allow Plaintiffs to temporarily file under seal the unredacted Schedule A to Plaintiffs' Complaint until the Court has a chance to rule on Plaintiffs' forthcoming

request for *ex parte* relief and Plaintiffs can execute any relief granted therein. As alleged in the Complaint, Plaintiffs have learned that Defendants are engaged in the promotion, advertisement, distribution, offering for sale, and sale of goods utilizing the technology of and inventions claimed by Plaintiffs' Trademarks and/or Plaintiffs' Patents within this district and without authorization, through various Internet based e-commerce stores, and fully interactive, commercial Internet websites. Unlike traditional brick-and-mortar defendants, online infringers are not tethered to physical assets subject to the Court's jurisdiction. Their business model is intentionally fluid and designed to evade enforcement. As a result, Defendants' infringing activities are causing irreparable injury to Plaintiffs and causing an overall degradation of the reputation, value, and goodwill associated with Plaintiffs' intellectual property assets. Temporarily sealing these portions of the court file will prevent Defendants from prematurely receiving notice of Plaintiffs' investigation into the operation of their illegal businesses, the result of which would be dissipation of assets and destruction of relevant documentary evidence.

The risk of evasion is further amplified by the existence of online resources expressly designed to monitor and disseminate information about U.S. intellectual property enforcement actions against foreign e-commerce sellers. Specifically, multiple Chinese counterfeiters utilize websites such as "SellerDefense," which post intellectual property infringements lawsuits in various districts within the United States in an effort to aid the defendants in undermining the plaintiff's efforts of enforcing its U.S. intellectual property rights. *See* SellerDefense, https://sellerdefense.cn/allcase2025/. SellerDefense also maintains publicly accessible "alert" pages reporting newly filed U.S. lawsuits against online sellers and summarizes the nature of the claims, associated restraining orders, and expected enforcement steps. These alert pages are

3

available to anyone without registration, password protection, or affiliation. As this information is disseminated in real time, any advance notice as to the identities of the seller accounts implicated in this matter would significantly increase the likelihood that Defendants could rapidly take evasive action before the Court's orders can be implemented. Temporarily sealing these portions of the Court file will prevent Defendants from prematurely receiving notice of Plaintiffs' investigation into the operation of Defendants' illegal businesses, the result of which would be dissipation of assets and destruction of relevant documentary evidence.

### 2. Disclosing Defendants' Identities on the Public Docket will Risk Immediate Asset Flight.

Defendants receive sales proceeds through easily manipulated electronic payment systems (e.g., PayPal, Stripe, Payoneer, etc.) that permit same-day or even instantaneous transfers to offshore accounts. Consequently, publicly disclosing Defendants' identities before a request for a temporary restraining order is filed, granted, and executed would allow Defendants to liquidate storefront balances, reroute payouts, and otherwise frustrate any asset freeze the Court may order. *See Dell Inc. v. BelgiumDomains, LLC*, No. 07-22674, 2007 WL 6862341, at *7 (S.D. Fla. Nov. 21, 2007) (granting motion to seal where the defendants, who operate their counterfeiting business electronically, "will likely destroy evidence or move it out of the jurisdiction" if provided with advance notice of the plaintiff's filings).

### 3. Disclosing Defendants' Identities on the Public Docket May Result in Destruction of Relevant Evidence.

Evidence of Defendants' infringement, particularly the scope of prior and ongoing illegal activity, including but not limited to product listings, sales histories, and communications with suppliers, resides exclusively on servers controlled, to differing extents, by both the Defendants and the third-party platforms they operate on. Once alerted to a lawsuit, Defendants can delete or

alter key data within minutes, leaving Plaintiffs unable to prove the scope of wrongdoing. Courts have routinely safeguarded such evidence by sealing identifying documents until such time as *ex parte* relief is carried out. *See, e.g.*, Paperless Order Granting Motion to Seal, *Zuru Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 1:25-cv-21867 (S.D. Fla. Apr. 25, 2025), Dkt. No. 6 (granting motion to seal where the defendants, who engaged in online counterfeiting activities, were likely to hide or move their assets beyond the jurisdiction of the Court, which thwarted the Court's ability to grant meaningful relief); Paperless Order Granting Motion to Seal, *Eyelink Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:25-cv-21838 (S.D. Fla. Apr. 28, 2025), Dkt. No. 8 (same); Order Granting Motion to File Under Seal, *Games Workshop LTD. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A,"* No. 1:25-cv-21746 (S.D. Fla. Apr. 23, 2025), Dkt. No. 11 (same); Order Granting Expedited Motion to Seal, *CIN CORP v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:24-cv-24969 (S.D. Fla. Dec. 22, 2024), Dkt. No. 6 (same); Order Granting Motion to Seal, *Not a Real Holding Co. Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 1:23-cv-24471 (S.D. Fla. Dec. 1, 2023), Dkt. No. 7 (same).

### B. The Requested Relief is Temporary and Narrowly Tailored.

As Defendants engage in in illegal trademark counterfeiting activities as well as patent infringement, Plaintiffs have no reason to believe Defendants will make their assets available or will adhere to the authority of this Court any more than they have adhered to federal trademark and patent laws. Plaintiffs only seek to file the unredacted Schedule A to their Complaint under seal until the Court has the opportunity to rule on Plaintiffs' forthcoming request for *ex parte* relief and Plaintiffs are able to execute any relief granted therein. Plaintiffs are not seeking to proceed

under a fictitious name. Once a temporary restraining order, if issued, has been served on the relevant parties and the requested actions are taken, Plaintiffs will promptly move to unseal.

## IV.     CONCLUSION

WHEREFORE, Plaintiffs respectfully request this Court enter an order allowing Plaintiffs to temporarily file under seal the unredacted Schedule A to Plaintiffs' Complaint, to remain under seal until the Court has the opportunity to rule on Plaintiffs' forthcoming request for temporary *ex parte* relief, and, if granted, until the relief ordered therein has been effectuated. At that time, all pleadings and orders will be made available to Defendants and Plaintiffs will promptly move to unseal all documents on the record.

Dated: December 16, 2025

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By:  */s/ Valeria Munoz*
Valeria Munoz (FL Bar No. 1059554)
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Tel: (305) 357-8433
Email: vmunoz@bsfllp.com

*Counsel for Plaintiffs TROVE BRANDS, LLC and RUNWAY BLUE, LLC*